IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MINISTER DAVID EDWARD LEWIS BEY,

Plaintiff,

-vs-

RICHARD L. ROBERTS,

Defendant.

Case No. 3:11 CV 1969

MEMORANDUM OPINION

KATZ, J.

*Pro se* Plaintiff Minister David Edward Lewis Bey filed the above-captioned action under 42 U.S.C. § 1983, the United Nations Declaration on Human Rights, the United Nations Declaration of the Rights of Indigenous People, the Treaty of Peace and Friendship, 18 U.S.C. §§ 1341(fraud), 1346(swindles), 241(conspiracy against rights), 242 (deprivation of rights), and the Privacy Act 5 U.S.C. §552(a) against attorney Richard L. Roberts. In the Complaint, Plaintiff alleges his attorney convinced him to plead guilty to criminal charges. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**I. Background**

While Plaintiff's Complaint is comprised largely of rhetoric, the substance of his allegations

against this Defendant center on a 2006 criminal case in the Toledo Municipal Court. Plaintiff was charged with Attempt to Commit an Offense, a first degree misdemeanor, in Case No. CRA-06-15109-0102. (Doc. 1 at 9.) Mr. Roberts was Plaintiff's defense counsel. On Mr. Roberts's advice, Plaintiff entered a plea of no contest to the charge on October 19, 2006. He was sentenced on February 15, 2007 to a suspended jail sentence and one year of inactive probation.

Plaintiff now claims his plea was entered involuntarily. He contends Mr. Roberts continually referred to the possibility of Plaintiff serving jail time and did not adequately inform him of his constitutional rights. He claims the Defendant violated his Fourth, Fifth, and Sixth Amendment rights, as well as the United Nations Declaration on Human Rights, the United Nations Declaration of the Rights of Indigenous People, the Treaty of Peace and Friendship, 18 U.S.C. §§ 1341(fraud), 1346(swindles), 241(conspiracy against rights), 242 (deprivation of rights), and the Privacy Act 5 U.S.C. §552(a).

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

F.3d 194, 197 (6th Cir. 1996). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**III. Discussion**

**A. 42 U.S.C. § 1983**

Plaintiff first asserts denial of his Constitutional rights. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the

Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government official or employee. A public defender or private defense counsel is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Plaintiff does not allege sufficient facts in his Complaint to suggest his attorney could be considered to be a state actor under any of these criteria. Plaintiff therefore cannot assert claims for violation of his Constitutional rights against this Defendant.

**B. United Nations Declarations and Treaties**

In addition, Plaintiff seeks relief under the United Nations Declaration on Human Rights, the United Nations Declaration of the Rights of Indigenous People, and the Treaty of Peace and Friendship. The United Nation's "Universal Declaration of Human Rights" was not ratified by the United States Senate. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-735 (2004) (stating that "the Declaration [of Human Rights] ... [is] not a treaty or international agreement ... impos[ing] legal obligations."); *Huynh Thi Ahn v. Levi*, 586 F .2d 625, 629 (6th Cir.1978) ("[I]t does not appear that ... the Declaration of [Human] Rights [is] in fact [a treaty] in force in the United States."). Moreover, that Declaration did not create a private right of action. *See Sosa*, 542 U.S. at 734-735

("[T]he Declaration [of Human Rights] does not of its own force impose obligations as a matter of international law."); *Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 261-262 (2d Cir.2003) (characterizing the Declaration of Human Rights as "non-binding");*Huynh Thi Ahn*, 586 F.2d at 629 (holding that Article 16 of the Declaration of Human Rights does "not create private rights and duties ... enforceable as treaties").

Similarly, the United Nations Declaration on the Rights of Indigenous Peoples is not a binding instrument even for the purposes of the countries that voted in favor of its adoption. *Marrakush Soc. v. New Jersey State Police*, Civil Action Nos. 09-2518 (JBS), 2009 WL 2366132, *6 (D.N.J. July 30, 2009). The United States, along with Australia, Canada, and New Zealand did not vote in favor of this Declaration, and did not agree to be bound by its terms. *Id.*

Likewise, the Treaty of Peace and Friendship does not provide a private cause of action in a civil case. See *Vuaai El v. Mortgage Electronic Registry System*, No. 08-14190, 2009 WL 2705819, at n.11 (E.D.Mich. Aug. 24, 2009). The Treaty appears to govern relationships between Moroccan citizens and United States citizens. Although Plaintiff claims to be a descendent of the Moors, he also alleges he was born in the United States. There is no indication that he has Moroccan citizenship and therefore cannot avail himself of the Treaty of Friendship and Peace between the United States and Morocco. Moreover, the Treaty does not provide grounds for private parties to file civil actions. Plaintiff therefore cannot rely on the Treaty as the basis to assert claims against other United States citizens. *Id.*

**C. Criminal Statutes**

In addition, Plaintiff seeks relief under 18 U.S.C. §§ 1341(fraud), 1346(swindles), 241(conspiracy against rights), and 242 (deprivation of rights). These are criminal statutes and

provide no cause of action to civil Plaintiffs. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003). To the extent Plaintiff is attempting to bring criminal charges against the Defendant, he cannot proceed. Criminal actions in the federal courts are initiated by the United States Attorney, not by private Plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

**D. Privacy Act**

Finally, Plaintiff brings claims under the Privacy Act, 5 U.S.C. § 552a. This statute specifically limits its relief for damages to civil actions against a federal agency. *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1984). The Defendant is a private individual, not a federal agency, and consequently is not subject to suit under this provision.

**IV. Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
U.S. DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.